JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHELLY ANN-MARIE PAYNE

**(b)** County of Residence of First Listed Plaintiff  Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul C. Louisell
22805 Kelly Rd.

## DEFENDANTS
THIRD JUDICIAL CIRCUIT COURT OF MICHIGAN, WAYNE COUNTY FRIEND OF THE COURT, BENITA M.

County of Residence of First Listed Defendant  Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Not Known

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                            *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| | | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 2603
Brief description of cause:
Employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$75,000 up

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 02/08/2023
SIGNATURE OF ATTORNEY OF RECORD   P-77152

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT MICHIGAN

SHELLY ANN-MARIE PAYNE,
      Plaintiff

v.

                                   Case No. 22-      -CD
                                   HON.

THIRD JUDICIAL CIRCUIT
COURT OF MICHIGAN, WAYNE
COUNTY FRIEND OF THE COURT,
BENITA M. CHEATOM, AND
ZENELL BROWN, AND ERIN
LINCOLN,  Jointly and severally,
          Defendants.
                                          /

**PAUL C. LOUISELL P27152**
**PAUL C. LOUISELL PLLC**
**Attorney for Plaintiff**
**22805 Kelly Road**
**Eastpointe, Michigan 48021**
**586-859-0118**
**F: 859-267-0305**
**Paul@louisellPLLC.com**
                                          /

## <u>PLAINTIFF'S COMPLAINT AND JURY DEMAND</u>

There is no other civil action between these parties arising out of the same transaction or occurrence, as alleged in this Complaint, pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between the parties, arising out of the same transaction or occurrence, as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

Plaintiff, SHELLY ANN-MARIE PAYNE , by and through her attorney, Paul C. Louisell ,submits her Complaint as follows: [This Complaint is brought for the joint and several liability of all defendants, for the disability discrimination, state and federal, age discrimination under the ELCRA, violations of the FMLA, all against Plaintiff, and intentional by defendants].

## STATEMENT OF FACTS

1. Plaintiff (date of birth: May 12, 1955) was hired by defendant in August 1986 and worked for defendants until July 7, 2022 , as a Senior Staff Attorney, she was an excellent decorated employee. Where Plaintiff worked at the Wayne County Friend of the Court, Detroit, Michigan. Any discipline of Plaintiff by defendants was retaliatory, bogus, a sham, and also resulted in failures by defendants to properly promote Plaintiff, in extension of and retaliation for the complaints by Plaintiff. Defendants actions were intentional and disparate.

2. Plaintiff is diagnosed with medical/physical conditions-asthma, severe allergies, breathing deficient condition. Plaintiff requested to be removed from the Penobscot Building (which is a haven of allergens and toxins) to the Friend of the Court office in the City County Bldg., where other younger employees were allowed to go on request.

2

3. Defendant refused Plaintiff's request for reasonable accommodation. Defendant did not offer any alternative accommodations to allow Plaintiff to return to work. Individual defendants were supervisors and decision makers over Plaintiff, and individually and in concert, vicariously, and jointly and severally with the employer, violated the rights of Plaintiff and the law and statutes herein. All are located in Wayne County, Michigan, at all times relevant hereto.

4. When this action was commenced, defendant had refused to return Plaintiff to work in any capacity. Retaliation, intentional violations, combined with the other discriminations and violations below caused Plaintiff permanent damages.

## COUNT I-VIOLATION OF THE AMERICAN WITH DISABILITIES ACT

5. This suit is brought and jurisdiction lies pursuant to Section 107 (a) of the Americans with Disabilities Act (ADA), 42 USC 12117, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000 e-5. Defendants are jointly and severally responsible for all acts.

6. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within 300 days of the commission of the unlawful employment practice alleged in this claim.

7. Plaintiff received notification of the right-to-sue letter from the EEOC on November 16, 2022 and has filed this complaint within 90 days of receiving the EEOC's notice of the right to sue.

8. Plaintiff is a citizen of the United States and the State of Michigan and resides in Sterling Heights, Michigan. Plaintiff worked at all times in the City of Detroit, Wayne County, Michigan as Senior Staff Attorney for the Friend of the Court, a division of the Third Judicial Circuit Court, Wayne County, Michigan. All defendants are employers of Plaintiff, and all employed Plaintiff in Wayne County, Michigan.

9. All the discriminatory employment practices alleged in this complaint occurred within Wayne County in the State of Michigan.

10. Defendant, Wayne County Friend of the Court a division of the Third Judicial Circuit Court, Wayne County, Michigan. Defendant, Third Judicial Circuit is a Circuit Court in the County of Wayne in Michigan. Defendant, Benita M. Cheatom is Human Resources Supervisor in the Wayne County Friend of the Court division of the Third Judicial Circuit Court, Wayne County, Michigan. Zanell Brown is Circuit Court Administrator in the Wayne County Friend of the Court division of the Third Judicial Circuit Court, Wayne County, Michigan. Erin Lincoln is Friend of the Court Supervisor in the Wayne County Friend of the Court division of the

Third Judicial Circuit Court, Wayne County, Michigan. All defendants work/located in the City of Detroit, Wayne County, Michigan, and were employers/supervisors/wrongful decision makers over Plaintiff.

11. Defendant (s) are persons/entities within the meaning of Section 101 (7) of the ADA, 42 USC 12111 (7), and Section 701 of Title VII of the Civil Rights Act of 1964, 42 USC 2000e.

12. Defendants meet all of the requirements for employer status under the ADA, 42 USC 12111 (5) (a).

13. At all times, Plaintiff was an individual with a disability within the meaning of Section 3(2) of the ADA, 42 USC 12102 (2). Specifically, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of the impairment, and is regarded by Defendant as having the impairment. Plaintiff was assigned to the Penobscot Building and Lincoln Hall of Justice-which were known filled with rats, cockroaches, allergens, feces, waste, decreased air quality in work areas of Plaintiff and others; there were overwhelming harmful exposures to the above, leading to severe aggravation of Plaintiff's known condition.

14. Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111 (8). Plaintiff is an individual who, with reasonable

accommodation, can perform the essential functions of her job as a Senior Staff Attorney at the Wayne County Friend of the Court, Detroit, Michigan.

15. In rejection of Plaintiff's request of accommodation, Defendant request of accommodation, Defendants refused to place Plaintiff in a position and/or safe space that was open at the time of her request.

16. Defendants' failure to make reasonable accommodations for Plaintiff constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment. This conduct constitutes a violation of the ADA, 42 USC 12112 (b) (5) (A), and the Michigan PWDA, stated /pled below.

17. Defendants have failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodation for Plaintiff.

18. Defendants have conducted themselves with malice or with reckless indifference to Plaintiff's federally protected rights.

19. As a direct and proximate result of defendants' discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities. In addition, Defendants' failure to make reasonable accommodation to Plaintiff caused or continues to cause Plaintiff to suffer substantial damages for

pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary

losses.

PLAINTIFF REQUESTS relief from this court against defendants as follows:

a. an order of this court reinstating Plaintiff to an appropriate position with Defendants.

b. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter and full back pay which far exceeds $75,000.00.

c. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the time of trial of this matter.

d. an award to Plaintiff of attorney fees, costs of litigation, and interest.

e. an order of this court granting Plaintiff further relief that it deems just and equitable.


## COUNT II- AGE DISCRIMINATION IN VIOLATION OF THE ELLIOT- LARSEN CIVIL RIGHTS ACT


20. Plaintiff incorporates by reference paragraphs 1 through 19.

21. This Count II is action for age discrimination pursuant to the Michigan

Elliot-Larsen Rights Act, MCLA 37.2101 et seq. MSA 3.548 (101) et seq., and the

common law of the State of Michigan.

22. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548 (101) et seq.

23. Plaintiff's age was at least one factor that made a difference in defendants' decision to terminate Plaintiff and failures to train, compensate fairly, transfer, and fail to retaliate against Plaintiff, and not remove her from her position of Senior Staff Attorney.

24. Had Plaintiff been a younger person, she would not have been terminated and would have been accommodated, and not retaliated against for many complaints of mistreatment.

25. Defendant, through their agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition. Plaintiff was treated inappropriately based on age-failure to provide conditions of employment, requests, duties, assignments based on age, when youngers similarly situated were given such conditions and benefits, accommodations.

26. Defendant, through their agents, representatives, and employees, treated Plaintiff differently from similarly situated younger employees in the terms and conditions of employment, based on unlawful consideration of age.

8

27. Defendants actions were intentional in disregard for Plaintiff's rights and sensibilities.

28. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

PLAINTIFF REQUESTS that this court enter judgment against Defendants as follows:

a. compensatory damages in whatever amount above $75,000 she is found to be entitled.

b. exemplary damages in whatever amount above $75,000 she is found to be entitled.

c. an award of lost wages and the value of fringe benefits, past and future.

d. an award of interest, costs, and reasonable attorney fees.

e. an order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation.

f. an order reinstating Plaintiff to the position she would have held if defendants had not discriminated.

g. an order awarding whatever other equitable relief appears appropriate at the time of the final judgment.

## COUNT III-VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

29. Plaintiff incorporates by reference paragraphs 1-28.????

30. At all material times, Plaintiff performed her job duties with the manner that was satisfactory or better.

31. Plaintiff has a history/diagnosis of medical/physical conditions-asthma, severe allergies, and breathing deficient conditions of which defendant was aware. The violations, transgressions and illegalities by defendants, violating the MPWDA mirror the facts and wrongful results described in detail above (for the ADA count).

32. At all material times, Plaintiff was an employee, and defendants were her employers, covered by and within the meaning of the Persons with Disabilities Civil Rights Act (PDCRA), MCLA 37.1201 et seq. Defendants acts were joint and several, in concert, and each defendant is responsible for all acts of the other.

33. At the time of her termination, and for extended time prior, Plaintiff's medical/physical condition was unrelated to her ability to perform the duties of Senior Staff Attorney with defendant and is unrelated to her qualifications for employment as Senior Staff Attorney.

10

34. Plaintiff was discriminated against, within the meaning of the PDCRA, when defendant terminated her because of her medical/physical condition and failed to reasonably accommodate her.

35. Plaintiff's medical/physical was a determining factor in defendants' decision to terminate her and preclude her from returning to work.

36. The actions of defendants' and its agents, representatives, and employees were intentional in disregard for the rights and sensibilities of Plaintiff.

37. As a direct and proximate result of defendants' unlawful discrimination, Plaintiff has sustained injuries and damages, including loss of earnings and earning capacity; loss if fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of ordinary pleasures of ever day life, including the right to seek and pursue a gainful occupation of choice.

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

1. Legal relief-

    a. compensatory damages in whatever amount above $75,000 she is found to be entitled.

b. exemplary damages in whatever amount above $75,000 she is found to be entitled.

c. an award of lost wages and the value of fringe benefits, past and future.

d. an award of interest, costs, and reasonable attorney fees.

e. an order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation.

f. an order reinstating Plaintiff to the position she would have held if defendants had not discriminated.

g. an order awarding whatever other equitable relief appears appropriate at the time of the final judgment.

2. Equitable relief-

a. an order placing Plaintiff in the position she would have held had there been no violation of her rights.

b. an award of interests, costs, and reasonable attorney fees.

c. an order enjoining defendants from further acts of discrimination or retaliation.

d. whatever other relief appears appropriate at the time of the final judgment.

## COUNT IV-VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

38. Plaintiff incorporates by reference paragraphs 1-37.

39. This is an action for defendants' violations of the Family and Medical Leave Act of 1993 (FMLA), 29 USC 2602 et seq.

40. This court has jurisdiction pursuant to 28 USC 1331.

41. Plaintiff is an eligible employee as defined by the FMLA.

42. Defendant is an employer as defined by the FMLA.

43. Plaintiff had medical/physical conditions-asthma, severe allergies, breathing deficient condition, requiring medical leave said allowed, requested leaves were denied, interfered with and Plaintiff was retaliated against for requesting same.

44. Plaintiff notified her employer of her need to take time off for treatment, and her request was illegally denied, interfered with , or Plaintiff was retaliated against. Plaintiff should have been returned or kept in her appropriate job.

45. In failing to restore Plaintiff to her previous position, or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment, Defendant violated Plaintiff's rights under the FMLA 29 USC 2602 et seq.

46. As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities and non-economic losses, costs and attorney fees.

PLAINTIFF REQUESTS judgment against defendants as follows:

1. Legal relief-

a. compensatory damages in whatever amount she is found to be entitled.

b. liquidated damages in whatever amount she is found to be entitled.

c. an award of interest, costs, and reasonable attorney fees and expert witness fees.

d. All defendants acts and transgressions call for direct liability, joint ans several liability, respondeat superior liability, vicarious liability, and for conspiracy to violate Plaintiff's described rights.

Equitable relief-

a. an order reinstating Plaintiff to an appropriate position with the Defendant.

b. an injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation.

c. whatever other equitable relief appears appropriate at the time of final judgment.

Respectfully submitted,

Dated: February 6, 2023

/s/Paul C. Louisell
Paul C. Louisell P27152
Attorney for Plaintiff
Paul C. Louisell PLLC
22805 Kelly Road
Eastpointe, Michigan 48022
586-859-0118
Paul@louisellPLLC.com

14

## JURY DEMAND

Plaintiff, SHELLY ANN-MARIE PAYNE , by and through her attorney, Paul

C. Louisell , here by demands a trial by jury.

Respectfully submitted,

*/s/Paul C. Louisell*

Paul C. Louisell P27152
Attorney for Plaintiff
Paul C. Louisell PLLC
22805 Kelly Road
Eastpointe, Michigan 48021
586-859-0118
Paul@louisellPLLC.com

Dated: February 6, 2023